**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHAWN SMITH,<br><br>Plaintiff,<br><br>v.<br><br>STANDARD BIOTOOLS INC., CARLOS PAYA, MICHAEL EGHOLM, ELI CASDIN, LAURA M. CLAGUE, FENEL ELOI, MARTIN D. MADAUS, and FRANKLIN WITNEY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _______________<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Shawn Smith ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against Standard BioTools Inc. ("Standard BioTools" or the "Company") and the members of Standard BioTools' Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to merge Standard BioTools with SomaLogic, Inc. ("SomaLogic") (the "Proposed Transaction").

2. On October 4, 2023, Standard BioTools, Standard BioTools' wholly owned subsidiary Martis Merger Sub, Inc. and SomaLogic entered into an Agreement and Plan of Merger (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Standard BioTools

and SomaLogic will combine, with SomaLogic common stock converted into the right to receive 1.11 shares of Standard BioTools common stock. Upon closing of the Proposed Transaction, Standard BioTools' current stockholders will own approximately 43% of the combined company and SomaLogic's current stockholders will own approximately 57% of the combined company.

3. Under the Merger Agreement, Standard BioTools is required to issue additional shares of Standard BioTools common stock (the "Share Issuance"). As a Nasdaq listed company, Standard BioTools is required by Nasdaq listing rules to secure shareholder approval before issuing 20% or more of its outstanding common stock. Thus, the Proposed Transaction is contingent upon Standard BioTools shareholders voting to approve the proposed Share Issuance.

4. On December 1, 2023, the Board authorized the filing of the materially incomplete and misleading Form 424B3 Prospectus (the "Prospectus") with the SEC. Specifically, the Prospectus, which recommends that Standard BioTools stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) Company management's financial projections for Standard BioTools and SomaLogic; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (iii) the background of the Proposed Transaction.

5. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Standard BioTools stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

6. The special meeting for Standard BioTools stockholders to vote on the Proposed Transaction is currently scheduled for January 4, 2024. It is imperative that such Exchange Act

violations are promptly cured to enable Plaintiff and Standard BioTools' other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

8. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9. Venue is proper under 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

10. Plaintiff is, and has been at all relevant times, the owner of shares of Standard BioTools common stock.

11. Defendant Standard BioTools is a Delaware corporation, with its principal executive offices located at 2 Tower Place, Suite 2000, South San Francisco, California 94080. Standard BioTools' shares trade on the Nasdaq Global Select Market under the ticker symbol "LAB."

12. Defendant Carlos Paya has been Chairman of the Board and a director of the Company at all relevant times.

13. Defendant Michael Egholm has been Chief Executive Officer, President, and a director of the Company at all relevant times.

14. Defendant Eli Casdin ("Casdin") has been a director of the Company at all relevant times. Defendant Casdin is a director on behalf of the holders of the Company's Series B-1 Preferred stock. Defendant Casdin is the chief investment officer of Casdin Capital, LLC ("Casdin Capital") which together with its affiliates owns approximately 33.15% of the Company's outstanding shares and 50.0002% of the company's preferred stock. *See* Prospectus at 202. Defendant Casdin also serves as a director of SomaLogic and owns approximately 12.3% of SomaLogic's outstanding shares. *See id.* at 200.

15. Defendant Laura M. Clague has been a director of the Company at all relevant times.

16. Defendant Fenel Eloi has been a director of the Company at all relevant times.

17. Defendant Martin D. Madaus ("Madaus") has been a director of the Company at all relevant times. Defendant Madaus is a director on behalf of the holders of the Company's Series B-2 Preferred stock.

18. Defendant Franklin Witney ("Witney") has been a director of the Company at all relevant times.

19. Defendants identified in paragraphs 12-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

20. Standard BioTools together with its subsidiaries, creates, manufactures, and markets instruments, consumables, reagents, and software for researchers and clinical laboratories worldwide. The Company's tools provide insights in health and disease using its proprietary mass cytometry and microfluidics technologies, which serve applications in proteomics and genomics, respectively. With respect to proteomics, Standard BioTools' mass cytometry technology includes two analytical platforms: (i) flow cytometry, including its Helios and CyTOF XT systems, which deeply profile cell phenotype and function; and (ii) tissue imaging or spatial biology, including its Hyperion Imaging System and Hyperion+ Imaging System, which enable highly multiplexed protein biomarker detection at a single cellular level in tissues and tumors while still preserving tissue architecture and cellular morphology information. With respect to genomics, the Standard BioTools' microfluidics technology, including its proprietary Integrated Fluidic Circuits provides high throughput and automated workflows for quantitative polymerase chain reaction, gene expression, copy number variation analysis, and next-generation sequencing library preparation.

**The Proposed Transaction**

21. On October 4, 2023, Standard BioTools announced that it had entered into the Proposed Transaction, stating, in relevant part:

> SOUTH SAN FRANCISCO, Calif. and BOULDER, Colo., Oct. 04, 2023 (GLOBE NEWSWIRE) -- Standard BioTools Inc. (Nasdaq: LAB), driven by a bold purpose – *Unleashing tools to accelerate breakthroughs in human health* – and SomaLogic (Nasdaq: SLGC), a leader in data-driven proteomics technology, today announced that they have entered into a definitive agreement to combine in an all-stock merger.
>
> The combined company, with a pro-forma equity value of over $1 billion based on Standard BioTools' closing share price on October 3, 2023, will be a leading provider of differentiated multi-omics tools for research. With products distributed in approximately 50 countries and a global infrastructure, the combined company

would become a leading platform of multi-omic technologies with over $180 million of pro-forma combined revenue for the full year 2023 and a robust balance sheet with over $500 million in estimated cash and cash equivalents at close.[2]

Under the terms of the agreement, which was unanimously approved by the participating members of the boards of directors of both companies, SomaLogic shareholders will receive 1.11 shares of Standard BioTools common stock for each share of SomaLogic common stock owned. Upon the close of the transaction, Standard BioTools shareholders will own approximately 43% of the combined company, and SomaLogic shareholders will own approximately 57% of the combined company on a fully diluted basis.

Michael Egholm, PhD, President and Chief Executive Officer of Standard BioTools™, said, "SomaLogic's world-class proteomic tools fuel research discoveries with unmatched reliability, and fit well with our life science tools platform. The value of SomaLogic's technology and expertise is substantiated by elite relationships in the pharmaceutical research space, as well as a developing genomics-proteomics commercial partnership with Illumina. This transaction activates our strategy to unlock value in the highly fragmented life science tools space. It positions Standard BioTools with an increasingly scalable platform and powerful balance sheet, which will be underpinned by unparalleled operating discipline and a shared mission to accelerate breakthroughs in human health. This is an exciting step forward for both of our companies and we look forward to the significant value creation opportunities ahead."

SomaLogic interim Chief Executive Officer Adam Taich, added, "This transaction brings together two organizations with mutual visions and values to create a multi-omics leader with the financial strength to self-fund growth investments and accelerate research insights. We look forward to partnering with the team at Standard BioTools to better serve the needs of translational and clinical pharmaceutical research, while delivering significant value for our shareholders."

**Strategic and Financial Benefits**

- Creates a multi-omic technology leader, targeting large, high growth markets with a diverse portfolio of life science tools that power industry-leading throughput and data quality.

- Expands commercial reach and maximizes cross-selling opportunities through complementary offerings and end markets. Standard BioTools' strong presence in academic research settings ideally complements SomaLogic's prestigious biopharmaceutical research footprint.

- Expedites scalability creating an accelerated path to combined company profitability. The transaction is expected to generate $80 million in annual cost synergies by 2026.

- Produces a formidable capital structure with over $500 million in cash and cash equivalents expected at close to self-fund future growth initiatives.

- Opens the door to meaningful value creation through a proven model that couples deep large-enterprise life sciences expertise and operating discipline with ample capital.

**Leadership**

The combined company will be led by an experienced Board of Directors and leadership team that leverages the deep life sciences expertise within both organizations.

Upon close, the combined company's Board will consist of seven directors, three of whom will be designated by Standard BioTools: Michael Egholm, Fenel Eloi and Frank Witney, and three of whom will be designated by SomaLogic: Tom Carey, who will serve as Chairman, Troy Cox and Kathy Hibbs. Eli Casdin will also continue to serve on the combined company's Board.

Upon close, Michael Egholm will serve as Chief Executive Officer, Jeff Black will serve as Chief Financial Officer and Alex Kim will serve as Chief Operating Officer. Adam Taich will serve as the combined company's Chief Strategy Officer, and Shane Bowen, Chief Research and Development Officer of SomaLogic, will serve as Chief Technology Officer.

The combined company will operate under the Standard BioTools name with facilities in California, Colorado, Massachusetts, Canada and Singapore.

**Timing and Approvals**

The transaction is expected to close in the first quarter of 2024, subject to approval by both companies' stockholders, expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and satisfaction of other customary closing conditions.

Stockholders representing approximately 16% of Standard BioTools common stock and approximately 1% of SomaLogic common stock, including the directors and executive officers of each company and affiliated investment funds, have entered into voting agreements in support of the transaction.

**Full 2023 Year Outlook**

In connection with today's announcement, both companies provided 2023 full year revenue guidance. Standard BioTools expects full year 2023 revenue of $100 -

> $105 million, an increase from its prior guidance, and SomaLogic reaffirmed full year 2023 revenue guidance of $80 - $84 million.
>
> * * *
>
> **Advisors**
>
> Centerview Partners LLC is serving as financial advisor to Standard BioTools, and Mintz is serving as its legal counsel. Perella Weinberg Partners LP and TD Cowen are serving as financial advisors to SomaLogic, with Perella Weinberg Partners LP as lead. Fenwick is serving as its legal counsel.

**The Materially Incomplete and Misleading Prospectus**

22. On December 1, 2023, the Board caused to be filed a materially incomplete and misleading Prospectus with the SEC. The Prospectus, which recommends that Standard BioTools stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) Company management's financial projections for Standard BioTools and SomaLogic; (ii) Centerview's financial analyses; and (iii) the background leading to the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for Standard BioTools and SomaLogic*

23. The Prospectus fails to disclose material information concerning Company management's financial projections for Standard BioTools and SomaLogic.

24. For example, with respect to the "Standard BioTools Management Standard BioTools Projections," the Prospectus fails to disclose all line items underlying the calculation of Standard BioTools': (i) Adjusted EBITDA; and (ii) Unlevered Free Cash Flow.

25. Similarly, with respect to the "Standard BioTools Management Adjusted SomaLogic Projections," the Prospectus fails to disclose all line items underlying the calculation of SomaLogic's: (i) Adjusted EBITDA; and (ii) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses*

26. The Prospectus fails to disclose material information concerning Centerview's financial analyses.

27. With respect to Centerview's *Discounted Cash Flow Analysis* of Standard BioTools, the Prospectus fails to disclose a quantification of: (i) Standard BioTools' December 31, 2033 adjusted EBITDA (excluding stock-based compensation); (ii) the inputs and assumptions underlying the discount rates ranging from 15.0% to 18.0%; (iii) Standard BioTools' net cash and cash equivalents as of August 31, 2023; and (iv) Standard BioTools' fully-diluted outstanding shares.

28. With respect to Centerview's *Selected Comparable Public Companies Analysis* of Standard BioTools, the Prospectus fails to disclose: (i) the individual multiples and financial metrics Centerview observed for each company; (ii) Standard BioTools' net cash and cash equivalents as of August 31, 2023; and (iii) Standard BioTools' fully-diluted outstanding shares.

29. With respect to Centerview's *Discounted Cash Flow Analysis* of SomaLogic, the Prospectus fails to disclose a quantification of: (i) the December 31, 2033 adjusted EBITDA (excluding stock-based compensation) for either Standard BioTools or, to the extent Centerview utilized SomaLogic's adjusted EBITDA (excluding stock-based compensation) to derive the terminal value for SomaLogic, SomaLogic,[1]; (ii) the inputs and assumptions underlying the discount rates ranging from 15.0% to 18.0%; (iii) SomaLogic's net cash and cash equivalents as of August 31, 2023; and (iv) SomaLogic's fully-diluted outstanding shares.

---

[1] *See id.* at 107 ("The terminal value of **SomaLogic** at the end of the forecast period was estimated by Centerview using an exit-based EV / adjusted EBITDA multiple of 18.0x to 22.0x as applied to adjusted EBITDA (excluding stock-based compensation) of **Standard BioTools** for the year ending December 31, 2033.") (emphasis added).

30. With respect to Centerview's *Selected Comparable Public Companies Analysis* of SomaLogic, the Prospectus fails to disclose: (i) the individual multiples and financial metrics Centerview observed for each company; (ii) SomaLogic's net cash and cash equivalents as of August 31, 2023; and (iii) SomaLogic's fully-diluted outstanding shares.

31. With respect to Centerview's *Precedent Premia Paid Analysis*: (i) the identities of the transactions analyzed; and (ii) the individual premia observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

32. The Prospectus fails to disclose material information concerning the background of the Proposed Transaction.

33. According to the Prospectus, in connection with an outreach conducted in 2022, the Company entered into a confidential disclosure agreement with a party that included a standstill provision subject to a "don't ask, don't waive" provision. *See id.* at 78. Yet, the Prospectus fails to disclose whether the "don't ask, don't waive" standstill provision is still in effect and operates to preclude the party from submitting a topping bid for the Company.

34. Moreover, according to the Prospectus, the Company's 2022 outreach was directed at a range of companies, including SomaLogic. This process was overseen by a special advisory committee that included defendants Madaus, Witney, and Casdin, in addition to a former director. The Prospectus fails to disclose why the Board permitted defendant Casdin's appointment to the special advisory committee given his significant ties to SomaLogic. Indeed, despite SomaLogic and Standard BioTools entering into a mutual confidential disclosure agreement in July 2022, it does not appear any safeguards were put in place until June 2023, when defendant Casdin was first recused from discussions related to SomaLogic at a Standard BioTools Board meeting.

35. In sum, the omission of the above-referenced information renders statements in the "Summary of Certain Standard BioTools Management Unaudited Prospective Financial Information," "Opinion of Standard BioTools' Financial Advisor," and "Background of the Merger" sections of the Prospectus materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Standard BioTools will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Standard BioTools

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Standard BioTools is liable as the issuer of these statements.

38. The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

39. The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

41. The Prospectus is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

42. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

43. Because of the false and misleading statements in the Prospectus, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of Standard BioTools within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Standard BioTools and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Prospectus alleged by Plaintiff to be misleading prior to and/or shortly after these

statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

48. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Standard BioTools, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Prospectus;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Prospectus that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: December 12, 2023

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**ACOCELLI LAW, PLLC**
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com